# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JUSTIN ERSKINE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 20-1771 (MN) |
| | ) |
| DELAWARE DEPARTMENT OF | ) |
| CORRECTION, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM ORDER**

At Wilmington this 13th day of July, 2021, having reviewed the Complaint;

IT IS ORDERED as follows:

Plaintiff Justin Erskine, an inmate at Sussex Correctional Institution ("SCI"), filed this Complaint pursuant to 42 U.S.C. § 1983 against a number of defendants. (D.I. 2). The Complaint concerns three distinct claims.

The first, took place on August 13, 2019, September 7, 2019, and March 17, 2020 when Plaintiff was housed at SCI and is raised against Defendants Sgt. Darrell Williams, Lt. James Chandler, Lt. Brett Hamstead, Sgt. Anthony Palo, Cpl. Ukee Johnson, Deputy Warden J. Beck, and Warden Truman Mears. (D.I. 2 at 11-14). On July 7, 2020, Plaintiff was transferred to James T. Vaughn Correctional Center ("JTVCC"). (*Id*. at 14).

The second claim took place at JTVCC between July 7, 2020 and September 24, 2020, and is raised against C/O Dennis, Cpl. Amari Brooks-Coleman, Lt. Kevin Lorick, Lt. Orlando DeJesus, Lt. Richard Parsons, C/O Majea, Sgt. Snyder, and Lt. Heishman. (*Id*. at 13-17). Plaintiff was then transferred back to SCI. (*Id.* at 17).

1

The third claim took place at SCI beginning October 11, 2020 through December 11, 2020, and is raised against Delaware Department of Correction Commissioner Claire DeMatteis, Cpl. Kara Stanley, S. Lt. Matthew Long, and Sgt. Kinsler (*Id*. at 18-23).

Plaintiff has improperly joined several claims which rest upon different factual bases. This Court must sever the claims so the litigation can proceed in a logical fashion.

Rule 20 of the Federal Rules of Civil Procedure allows a plaintiff to join multiple defendants in one action if: (A) "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences"; and (B) "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20. "For courts applying Rule 20 and related rules, 'the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.'" *Hagan v. Rogers*, 570 F.3d 146, 153 (3d Cir. 2009). "But this application, however liberal, is not a license to join unrelated claims and defendants in one lawsuit." *McKinney v. Prosecutor's Office*, C.A. No. 13-2553, 2014 WL 4574414, at *14 (D.N.J. June 4, 2014). "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

The three claims are distinct from one another. The claims will be severed into three cases.

1. The first case, C.A. No. 20-1771-MN contains the following parties: Plaintiff Justin Erskine and Defendants Sgt. Darrell Williams, Lt. James Chandler, Lt. Brett Hamstead, Sgt. Anthony Palo, Cpl. Ukee Johnson, Deputy Warden J. Beck, and Warden Truman Mears and

consists of the claims found at Docket Item 2, pages 11 through 15. All other Defendants are DISMISSED.[1]

2. The Clerk of Court is directed to OPEN a new case, referred to as the second case. The parties in the second case are Plaintiff Justin Erskine and Defendants C/O Dennis, Cpl. Amari Brooks-Coleman, Lt. Kevin Lorick, Lt. Orlando DeJesus, Lt. Richard Parsons, C/O Majea, Sgt. Snyder, and Lt. Heishman. The Complaint (D.I. 2 in the first case C.A. No. 21-1771-MN) shall be docketed as the Complaint in the newly opened second case. The claims in the second case are found at pages 13 through 17 of the Complaint.

3. The Clerk of Court is directed to OPEN another new case referred to as the third case. The parties in the second case are Plaintiff Justin Erskine and Defendants Delaware Department of Correction Commissioner Claire DeMatteis, Cpl. Kara Stanley, S. Lt. Matthew Long, and Sgt. Kinsler. The Complaint (D.I. 2 in the first case C.A. No. 21-1771-MN) shall be docketed as the Complaint in the newly opened third case. The claims in the third case are found at pages 18 through 23 of the Complaint.

4. A copy of the March 2, 2021 Order granting Plaintiff *in forma pauperis* (D.I. 8) status in the first case shall be filed in the newly opened second and third cases. Within **thirty days** from the date of this order, Plaintiff complete, sign and return to the Clerk of Court, the attached authorization form for each case allowing the agency having custody of him to forward

---

[1] Delaware Department of Correction is dismissed based upon its immunity from suit. The Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court by one of its own citizens, regardless of the relief sought. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Edelman v. Jordan*, 415 U.S. 651 (1974).

the $32.22 initial partial filing fee and subsequent payments to the Clerk of the Court. **FAILURE OF PLAINTIFF TO RETURN THE SIGNED AUTHORIZATION FORM WITHIN 30 DAYS FROM THE DATE THIS ORDER IS SENT IN EACH CASE SHALL RESULT IN DISMISSAL OF THE SECOND AND/OR THIRD ACTION WITHOUT PREJUDICE. NOTWITHSTANDING ANY PAYMENT MADE OR REQUIRED, THE COURT SHALL DISMISS THE CASE IF THE COURT DETERMINES THAT THE ACTION IS FRIVOLOUS OR MALICIOUS, FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED, OR SEEKS MONETARY RELIEF AGAINST A DEFENDANT WHO IS IMMUNE FROM SUCH RELIEF.**

　　　　　　　　　　　　　　　　　　／s／ Maryellen Noreika
　　　　　　　　　　　　　　　　　　The Honorable Maryellen Noreika
　　　　　　　　　　　　　　　　　　United States District Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JUSTIN ERSKINE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No.         (MN) |
| | ) |
| C/O DENNIS et al., | ) |
| | ) |
| Defendants. | ) |

**AUTHORIZATION**

I, Justin Erskine, SBI # 414890, request and authorize the agency holding me in custody to disburse to the Clerk of the Court the initial partial filing fee of $32.22 and the subsequent payments pursuant to 28 U.S.C. § 1915(b) and required by the Court's order dated March 2, 2021.

This signed authorization is **furnished to the Clerk of Court** in connection with the filing of a civil action, and I understand that the filing fee for the complaint is $350.00. I also understand that the entire filing fee may be deducted from my trust account regardless of the outcome of my civil action. This authorization shall apply to any other agency into whose custody I may be transferred.

Date: _____, 2021.

_____
**Signature of Plaintiff**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JUSTIN ERSKINE, | ) |
| | ) |
|   Plaintiff, | ) |
| | ) |
|   v. | ) C.A. No.  (MN) |
| | ) |
| DDOC COMMISSIONER CLAIR DEMATTEIS, et al., | ) |
| | ) |
|   Defendants. | ) |

## AUTHORIZATION

I, Justin Erskine, SBI # 414890, request and authorize the agency holding me in custody to disburse to the Clerk of the Court the initial partial filing fee of $32.22 and the subsequent payments pursuant to 28 U.S.C. § 1915(b) and required by the Court's order dated March 2, 2021.

This signed authorization is **furnished to the Clerk of Court** in connection with the filing of a civil action, and I understand that the filing fee for the complaint is $350.00. I also understand that the entire filing fee may be deducted from my trust account regardless of the outcome of my civil action. This authorization shall apply to any other agency into whose custody I may be transferred.

Date: _____, 2021.

                      _____
                       **Signature of Plaintiff**