IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |  | |
|---|---|---|---|
| JUSTIN ERSKINE, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | C.A. No. 21-1016 (MN) | |
| | ) | | |
| C/O DENNIS, et al., | ) | | |
| | ) | | |
| Defendants. | ) | | |

**MEMORANDUM OPINION**

Justin Erskine, Georgetown, DE – Pro Se Plaintiff

October 6, 2021
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE:**

Plaintiff Justin Erskine ("Plaintiff"), an inmate at Sussex Correctional Institution ("SCI"), filed this action pursuant to 42 U.S.C. § 1983. (D.I. 1). He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 3). This Court proceeds to screen the Complaint (D.I. 1) pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(a).

**I.      BACKGROUND**

Plaintiff filed a complaint with three distinct claims. (D.I. 1). This Court severed the claims into three separate cases so that the litigation could proceed in a logical fashion. (*See* D.I. 4). The instant Complaint consists of pages 14 through 17 and 24. (D.I. 1). Plaintiff complains of actions by C/O Dennis ("Dennis"), Cpl. Amari Brooks-Coleman ("Brooks-Coleman"), Lt. Kevin Lorick ("Lorick"), Lt. Orlando DeJesus ("DeJesus"), Lt. Richard Parsons ("Parsons"), C/O Majea ("Majea"), Sgt. Snyder ("Snyder"), and Lt. Heishman ("Heishman") that took place at JTVCC between July 7, 2020 and September 24, 2020. (*Id*. at 13-17).

While housed at SCI, Plaintiff contracted COVID-19 and, on July 7, 2020, he was transferred to James T. Vaughn Correctional Center ("JTVCC"). (D.I. 1 at 14). Plaintiff was housed in the COVID wing and alleges that the conditions were so deplorable that one of his friends organized citizen-led protests. (*Id*.). Plaintiff alleges that at one point, Dennis threatened to mace him after Plaintiff left laundry on the floor, "ostensibly in retaliation" for the actions of Plaintiff's friend who organized the protests against the conditions and treatment of prisoners. (*Id*.).

Plaintiff alleges that JTVCC placed a moratorium on write-ups. (*Id*.). Despite the moratorium, Brooks-Coleman issued Plaintiff a disciplinary write-up for possession of a tablet device. (*Id*.). The tablets are issued by, and are the property of, the DOC. (*Id*.). Plaintiff alleges

that Brooks-Coleman falsified several details in the writeup, contradicted herself, and that Brooks-Coleman failed to collect the tablet from Plaintiff. (*Id*. at 14-15). Lorick conducted the disciplinary hearing. (*Id*. at 15). Plaintiff alleges that the write-up was retaliatory and false and violated his due process rights.

The next day Plaintiff was presented with another write-up for engaging in sexually explicit conduct during a video visit. (*Id*.). The write-up was drafted by DeJesus. (*Id*.). Plaintiff alleges that several inmates were engaged in identical behavior and inmates were told that no write-ups would be issued. (*Id*.). Parsons conducted the disciplinary hearing. (*Id*.). Plaintiff requested, and was denied, 24 hours' notice of the hearing and was told that it did not matter, because Parsons was going to find Plaintiff guilty. (*Id*.).

Plaintiff appealed both infractions. (*Id*.). He was immediately sanctioned and segregated. His recreation was reduced and he was refused legal calls on several occasions. (*Id*. at 16). Plaintiff also alleges that he was singled out for treatment, that both Majea and Snyder verbally abused him, taunted him, and shortened his recreation periods, that others committed the same actions, and that Snyder also verbally harassed and berated him, denied him access to tablets to communicate with his family, and did not allow him to speak to other inmates. (*Id*.).

On August 26, 2020, another inmate used Plaintiff's PIN number to make a telephone call. (*Id*. at 17). Plaintiff alleges that because of the pandemic no inmate was written up for this. (*Id*.). Plaintiff alleges that DeJesus was monitoring Plaintiff's communications and issued Plaintiff a write-up. (*Id*.). Plaintiff alleges that although he did not receive a hearing or a disciplinary infraction, the write-up establishes a pattern of retaliation and harassment by the Delaware Department of Correction and DeJesus. (*Id*.).

Plaintiff received another write-up from DeJesus on September 24, 2020, when Plaintiff made a three-way telephone call after DeJesus had removed three telephone numbers from Plaintiff's allowed call list. (*Id*.). Plaintiff alleges that due process violations occurred during the hearing presided over by Heishman. (*Id*.). Plaintiff alleges that he was not given counsel, the hearing took place prior to 24 hours of his notification of the disciplinary infraction, Heishman was not impartial because he was a childhood friend of Plaintiff's uncle and Heishman had been romantically rejected by Plaintiff's mother, and he was not allowed to appeal the disciplinary finding because he transferred back to SCI. (*Id*.). Plaintiff served the sanction while housed in the COVID unit at JTVCC. (Id.).

Plaintiff seeks injunctive relief and compensatory damages. (*Id*. at 6).

## II. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

3

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. Apr. 27, 2020) (quoting *Neitzke v. Williams*, 490 U.S. 319, 331 (1989)); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Dooley v. Wetzel*, 957 F.3d at 374 (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (2003) and *Neitzke*, 490 U.S. at 327-28).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding Federal Rule of Civil Procedure 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, however, the Court must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d at 114.

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

4

and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id*. at 10.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *see also Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### III. DISCUSSION

#### A. False Disciplinary Report

Brooks-Coleman issued Plaintiff a disciplinary write-up for possession of a tablet device. Plaintiff alleges that Brooks-Coleman falsified several details in the writeup, contradicted herself, the write-up was retaliatory, and it violated his due process rights. A disciplinary hearing was conducted by Lorick.

The filing of false disciplinary charges does not constitute a claim under § 1983 so long as the inmate was granted a hearing and an opportunity to rebut the charges. *Crosby v. Piazza*, 465 F. App'x 168, 172 (3d Cir. 2012) (citing *Smith v. Mensinger*, 293 F.3d 641, 653-54 (3d Cir. 2002).

5

Here, Plaintiff does not allege that he was denied a hearing. Therefore, the false disciplinary due claim will be dismissed as legally frivolous.

**B.     Due Process**

Plaintiff alleges that JTVCC placed a moratorium on write-ups, that Brooks-Coleman issued Plaintiff a false disciplinary write-up for possession of a tablet device, that Plaintiff possessed a table that Brooks-Coleman failed to collect from him, that Lorick conducted a disciplinary hearing, and that Plaintiff was immediately sanctioned. Plaintiff alleges that the next day DeJesus drafted a write-up that Plaintiff engaged in sexually explicit conduct during a video visit, that several inmates were engaged in identical behavior, that inmates were told no write-ups would be issued, that Parsons conducted a disciplinary hearing, that Plaintiff requested, and was denied, 24 hour notice and was told that it did not matter because Parson was going to find Plaintiff guilty, and that Plaintiff was immediately sanctioned. Plaintiff appealed both infractions.

Plaintiff received another write-up from DeJesus on September 24, 2020 when Plaintiff made a three-way telephone call after DeJesus had removed three telephone numbers from Plaintiff's allowed call list. Plaintiff alleges that during the hearing presided over by Heishman, Plaintiff was not given counsel, the hearing took place prior to 24 hours of his notification of the disciplinary infraction, and that Plaintiff served the sanction while housed in the COVID unit at JTVCC. Plaintiff also alleges that Heishman was not an impartial hearing officer because he was a childhood friend of Plaintiff's uncle and Heishman had been romantically rejected by Plaintiff's mother. Finally, Plaintiff alleges that he was not allowed to appeal the disciplinary finding because he was transferred to SCI.

It is well established that "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply."

*Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Rather, due process prohibits the deprivation of a prisoner's liberty interest at a disciplinary hearing unless the prisoner is given: (1) an impartial decision-making body; (2) twenty-four hour notice of the charges; (3) an opportunity to call witnesses and present documentary evidence; (4) assistance from a representative; and (5) a written decision explaining the evidence relied upon. *Griffin v. Spratt*, 969 F.2d 16, 19 (3d Cir. 1992). In addition, the disciplinary decision must be supported by at least "some evidence." *Superintendent v. Hill*, 472 U.S. 445, 455 (1985).

Procedural due process rights are triggered by deprivation of a legally cognizable liberty interest. For a prisoner, such a deprivation occurs when the prison "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). In determining whether a protected liberty interest exists, the court must consider: (1) the duration of the disciplinary confinement and (2) the conditions of that confinement in relation to other prison conditions. *Id*. Because of the fact-specific nature of this test, cases engaging in this inquiry have reached differing outcomes. *Compare Leamer v. Fauver*, 288 F.3d 532, 545 (3d Cir. 2002) (denial of the right to participate in a sex offender treatment program that was "mandated and promised" by New Jersey law implicated a protected liberty interest), and *Shoats v. Horn*, 213 F.3d 140, 144 (3d Cir. 2000) (eight years in administrative confinement, during which inmate was locked in his cell for all but two hours per week, denied contact with his family, and prohibited from visiting the library or "participating in any education, vocational, or other organization activities," implicated a protected liberty interest), *with Smith v. Mensinger*, 293 F.3d at 645, 654 (seven months in disciplinary confinement did not implicate a liberty interest), *Torres v. Fauver*, 292 F.3d 141, 151-52 (3d Cir. 2002) (disciplinary detention for fifteen days and administrative segregation for 120 days was not atypical treatment in New Jersey

prisons and therefore did not implicate a protected liberty interest), and *Griffin v. Vaughn*, 112 F.3d 703, 706-09 (3d Cir.1997) (administrative detention, which imposed strict restrictions on outside contact and personal conveniences, did not implicate a protected liberty interest).

The Complaint does not indicate the type of punishment, if any, Plaintiff received. As a result, this Court cannot conduct an adequate *Sandin* analysis. Therefore, the due process claims raised against Lorick, Parsons, and Heishman will be dismissed. Plaintiff will be given leave to amend the claim.

C. **Retaliation**

Plaintiff raises several retaliation claims. He alleges the housing conditions in the COVID wing were deplorable and after one of his friends organized a citizen-led protests, Dennis threatened to mace him after Plaintiff left laundry on the floor "ostensibly in retaliation" because of the protests. Plaintiff alleges that DeJesus monitored Plaintiff's communications and issued Plaintiff a write-up and that the write-up establishes a pattern of retaliation by DeJesus.

In order to establish a retaliation claim Plaintiff must allege that: (1) his conduct was constitutionally protected; (2) he suffered an adverse action at the hands of prison officials; and (3) his constitutionally protected activity was a substantial or motivating factor in the decision to discipline him. *See Watson v. Rozum*, 834 F.3d 417, 420 (3d Cir. 2016). The claims against Dennis and DeJesus fail as a matter of law. Neither claim alleges that Plaintiff engaged in constitutionally protected conduct. The claims against Dennis and DeJesus will be dismissed.

Finally, Plaintiff alleges that Brooks-Coleman issued him a retaliatory disciplinary write-up for possession of a tablet device. An allegation that a prison official filed a false disciplinary charge in retaliation for an inmate's filing of a grievance states a First Amendment claim of retaliation. *See Mitchell v. Horn*, 318 F.3d at 530 (retaliation "for filing complaints" violated the

8

First Amendment) (citing with approval *Babcock v. White*, 102 F.3d 267, 275–76 (7th Cir. 1996) (stating that retaliation claims can be based on an inmate's lawsuit or prison grievance)). The Complaint, however, does not identify the protected conduct in which Plaintiff allegedly engaged. Therefore, the claim against Brooks-Coleman will be dismissed and Plaintiff will be given leave to amend the claim.

### D. Verbal Harassment

Plaintiff also alleges that he was verbally harassed and berated, not allowed to speak to other inmates, and taunted by Snyder and Majea. Verbal abuse or harassment is not actionable under 42 U.S.C. § 1983. *See Matthews v. Norristown State Hosp.*, 528 F. App'x 115, 119 (3d Cir. 2013); *Aleem-X v. Westcott*, 347 F. App'x 731 (3d Cir. 2009); *see also McBride v. Deer*, 240 F.3d 1287, 1291 (10th Cir. 2001) (taunts and threats are not an Eighth Amendment violation); *Prisoners' Legal Ass'n v. Roberson*, 822 F. Supp. 185, 189 (D.N.J. 1993) (verbal harassment does not violate inmate's constitutional rights). This Court will dismiss the harassment claims as frivolous.

### E. Recreation

Plaintiff alleges that Majea and Snyder shortened his recreation periods. Appellate courts have suggested that when making this determination of whether deprivation of outdoor exercise amounts to a substantial deprivation, courts should consider the totality of the circumstances, including, but not limited to, the length of the deprivation, the availability of recreation within the cell, and whether the inmate suffered any ill health effects as a result of the deprivation. *Barndt v. Wenerowicz*, 698 F. App'x 673, 677 (3d Cir. 2017) (citing *Wishon v. Gammon*, 978 F.2d 446, 449 (8th Cir. 1992); *Rodgers v. Jabe*, 43 F.3d 1082, 1086 (6th Cir. 1995); *Patterson v. Mintzes*, 717 F.2d 284, 289 (6th Cir. 1983).

The Complaint alleges that his recreation was reduced but does not indicate by how much. Nor does it indicate whether Plaintiff suffered any ill health effects as a results of the reduction of recreation. Therefore, the recreation claim will be dismissed. Plaintiff will be given leave to amend the claim.

### IV.     <u>CONCLUSION</u>

For the above reasons, the Court will: (1) dismiss the Complaint as frivolous and for failure to state a claim upon which relief may be granted pursuant 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) and 1915A(b)(1); (2) dismiss all claims against C/O Dennis, S. Lt. Orlando DeJesus; and (3) give Plaintiff leave to amend the due process claims against Lt. Kevin Lorick, Lt. Richard Parsons, and Lt. Heishman, the retaliation claim against Cpl. Amari Brooks-Coleman, and the denial of recreation claims against Sgt. Snyder and C/O Majea.

An appropriate Order will be entered.